14-956-cr
*United States v. Stapleton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT:

JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
       *Appellee,*

-v.-                                                      No. 14-956 (L)
                                                          No. 14-1710 (CON)

CEASAR STAPLETON, JEFFERSON HERNANDEZ,
       *Defendants-Appellants,*

RAFAEL ANTONIO ALVAREZ, LEONARDO
CALDERON-CASTRO, JUAN FRANCISCO
MONEG PERALTA, MAGDIEL ELIAS VALENCIA,
RICHARD VIQUEZ VARGAS, KRISTOPHER WILKINS,
       *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT**
**STAPELTON:**                        RANDOLPH Z. VOLKELL, Merrick, NY.

**FOR DEFENDANT-APPELLANT**
**HERNANDEZ:**                        Michael O. Hueston, New York, NY.

1

FOR APPELLEE:                                              DOUGLAS M. PRAVDA (Susan Corkery, Tiana A. Demas, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeals from judgments of conviction in the United States District Court for the Eastern District of New York (Frederic L. Block, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED**.

Defendant Ceasar Stapleton appeals a judgment of the District Court convicting him, after his guilty plea, of conspiring to launder money, in violation of 18 U.S.C. § 1956(h). The District Court sentenced Stapleton principally to 27 months' imprisonment, to be followed by 3 years of supervised release. On appeal, Stapleton contends that the District Court's sentence is procedurally and substantively unreasonable.

Defendant Jefferson Hernandez appeals a judgment of the District Court convicting him, after a guilty plea, of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and sentencing him principally to 28 months' imprisonment, to be followed by 3 years of supervised release. Counsel for defendant Hernandez moves to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves to dismiss Hernandez's appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### I. Stapleton's Procedural Unreasonableness Claim

We review a sentence for procedural unreasonableness by focusing on whether the sentencing court followed all the necessary steps in deciding upon a sentence. *United States v. Park*, 758 F.3d 193, 197 (2d Cir. 2014). A sentencing decision is procedurally unreasonable when a district court "makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and ellipsis omitted).

Defendant Stapleton argues that his sentence is procedurally unreasonable because the District Court failed to give advance notice of its intention to impose an upward departure from the advisory sentencing range pursuant to the United States Sentencing Guidelines ("the Guidelines"). Contrary to Stapleton's claim, however, the sentence imposed was not an upward departure but a variance.[1] Variances, unlike departures, do not require district courts to provide advance notice, even for those that increase a sentence above the Guidelines range. *Irizarry v. United States*, 553 U.S. 708, 714-715 (2008). Accordingly, Stapleton's sentence was procedurally reasonable.

## II. Stapleton's Substantive Unreasonableness Claim

We review a sentence for substantive reasonableness under an abuse of discretion standard. *United States v. Rigas*, 583 F.3d 108, 114-15 (2d Cir. 2009). An appellate court will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal citation, quotation marks, and emphasis omitted). The length of a sentence is outside the range of permissible decisions when "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Park*, 758 F.3d at 200 (internal quotation marks omitted).

Stapleton contends that his sentence is substantively unreasonable because the District Court predicated its variance on the discovery of drug paraphernalia in his home at the time of his arrest and failed to place enough weight on the other sentencing factors listed in 18 U.S.C. § 3553(a). But district courts are given significant discretion in weighing the 18 U.S.C. § 3553(a) factors and nothing precludes a sentencing judge from resting a decision on the presence of one particular factor. Indeed, "we have never held that a district court's particular reliance on one factor to justify departing from the Guidelines is suggestive of unreasonableness; we have only said that 'unjustified reliance upon any one factor' suggests unreasonableness." *United States v. Pope*, 554 F.3d 240, 246 (2d Cir. 2009) (internal quotation marks and emphasis omitted).

---

[1] The District Court never described the sentence imposed as an upward departure. To the contrary, the District Court, at the sentencing hearing, stated that "considering all of the 3553(a) factors . . . a sentence a little bit above the advisory guideline range in this particular case is sufficient, but not greater than necessary, to meet the end of sentencing as articulated in our statutory guidelines scheme." App'x 106-07. Similarly, the written Statement of Reasons attached to the judgment makes clear that the sentence was "imposed . . . pursuant to the factors in 18 U.S.C. Section 3553(a) and . . . is outside and above the advisory sentencing guideline range because the defendant was found in possession of drug paraphernalia in his apartment which was not taken into account when calculating the advisory guideline range."

Here, the District Court was not unjustified in relying on one factor to increase Stapleton's sentence. In light of Stapleton's prior drug-related conviction and his money laundering activities while still on probation for that conviction, the District Court felt it appropriate that Stapleton's sentence reflect the significant amount of drug paraphernalia found at the time of his arrest. App'x 106. It cannot be said that the District Court abused its discretion by taking this information into consideration while sentencing Stapleton.

### III. *Anders* Motion by Hernandez's Counsel

Michael O. Hueston, counsel for defendant Hernandez, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Government moves to dismiss the appeal based on Hernandez's waiver of his appellate rights.

We agree with Hernandez's counsel and the Government that there were no meritorious issues to be raised on appeal because (1) Hernandez's guilty plea was valid; (2) he knowingly and voluntarily waived his right to appeal; and (3) his sentence was reasonable. However, because Hernandez's term of supervised release and the special assessment are beyond the scope of the appeal waiver, he is not barred from challenging them on appeal. Nevertheless, Hernandez can make no meritorious objection to those aspects of his sentence. Hernandez's term of supervised release is consistent with the relevant statute, *see* 18 U.S.C. § 3583(b)(2), and the $100 special assessment was mandatory under 18 U.S.C. § 3013(a)(2)(A).

### CONCLUSION

Accordingly, we (1) **AFFIRM** the judgment of the District Court with regard to defendant Stapleton; (2) **GRANT** the *Anders* motion with regard to counsel for defendant Hernandez; (3) **GRANT** the Government's motion to dismiss with respect to the appeal of defendant Hernandez's conviction and term of imprisonment; and (4) construe the Government's motion to dismiss as also requesting a summary affirmance, and **GRANT** the so-construed motion with respect to defendant Hernandez's appeal of his term of supervised release and special assessment.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4